IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.                                       No. CV 09-0329 JB/DJS
                                            CR 03-2072 JB

**ANTONIUS HEIJNEN**,

       Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Petition For Writ Of Error Coram Nobis (CV Doc. 1; CR Doc. 223) filed April 2, 2009. Defendant asserts a number of claims against his conviction. For relief, he seeks "voidance of judgment" and "vacatur of sentence."

       On March 8, 2006, this Court entered judgment on Defendant's conviction. The Court of Appeals for the Tenth Circuit affirmed Defendant's conviction on February 2, 2007. *See United States v. Heijnen*, 215 F. App'x 725, 727 (10th Cir. 2007). On November 26, 2007, the Supreme Court denied Defendant's petition for writ of certiorari, *see Heijnen v. United States*, No. 07-7173, 128 S. Ct. 677 (Nov. 26, 2007) (mem.), and on March 24, 2008, denied his petition for rehearing, *see Heijnen v. United States*, No. 07-7173, 128 S. Ct. 1734 (Mar. 24, 2008) (mem.). According to the Petition, Defendant submitted his pleading to prison officials on March 19, 2009, for copying. The Petition was returned to him on March 24, and he mailed it to the Court on March 31, 2009.

       Defendant's primary assertions are that the Court lacked subject matter jurisdiction of the criminal proceeding against him and he is actually innocent of the charged offenses. He styles his

1

pleading as a Petition for Writ of Error Coram Nobis. On the other hand, the terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). The Court concludes that § 2255 is not inadequate or ineffective, *see Williams*, 323 F.2d at 673, and Defendant may attack his conviction and sentence only in a motion under §2255.

Defendant's claims are expressly contemplated by §2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. The Court may recharacterize Defendant's Petition as a §2255 motion if certain conditions are met.

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under §2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). Here, however, the one-year statute of limitations applicable to Defendant's claims has expired, and notification of proposed recharacterization is not required. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("the deadline for filing

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody. *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

a § 2255 motion had expired . . . . [and] failure to notify [Defendant] of the recharacterization was harmless"). Under *Kelly* and *Martin*, the Court recharacterizes and construes Defendant's Petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255.

It appears that Defendant filed his motion after the limitation period expired. His conviction became final on November 26, 2007, when the Supreme Court denied his petition for writ of certiorari. "[A]bsent an actual suspension of an order denying certiorari . . . , a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed." *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). It is assumed for purposes of this order that, under a liberal application of the mailbox rule in *Houston v. Lack*, 487 U.S. 266, 276 (1988), Defendant attempted to send his motion to the Court on the day he requested a copy on March 19, 2009. This was almost sixteen months after certiorari was denied.

Because Defendant filed the motion more than one year after his conviction became final, his claims under §2255 claims are barred and must be dismissed unless there is a basis for tolling. *See United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999). The Court raises the time bar to Defendant's §2255 claims *sua sponte* and will allow him an opportunity to respond. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default). Failure to respond to this order or otherwise show cause why his claims should not be dismissed may result in dismissal of Defendant's motion without further notice.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order,

Defendant show cause why his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should not be dismissed as untimely filed.

_____
UNITED STATES MAGISTRATE JUDGE