IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  No. CIV 09-0329 JB/DJS
                                  CR 03-2072 JB

ANTONIUS HEIJNEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court *sua sponte*. On June 15, 2009, the Court entered an order providing Defendant Antonius Heijnen the opportunity to withdraw his Petition For Writ Of Error Coram Nobis rather that have it recharacterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Heijnen has not responded to the order. In his earlier Objections to Order by Magistrate, as Filed On 04-08-2009 (Doc 2) and Response to Memorandum Opinion and Order, filed April 27, 2009 (CIV Doc. 3), Heijnen objected to the Court's recharacterization of his Petition. He also argued that, if the Court treats his petition as a § 2255 motion, the Court should find that he filed the motion timely and should adjudicate his claims. The Court will now recharacterize Heijnen's petition as a § 2255 motion and will dismiss the motion. *See* 28 U.S.C. § 2255 R. 4(b).

First, the Court finds in Heijnen's objection to the recharacterization of his petition lacks of sound basis in law or in fact. The petition's primary allegations are that the Court lacked subject-matter jurisdiction of the criminal proceeding against Heijnen and that he is innocent of the charged offenses. Although the terms of § 2255 provide the exclusive avenue for attacking a federal criminal

conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"), a defendant may seek alternative relief if, as Heijnen contends, § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673. Heijnen argues that he properly filed a petition instead of a § 2255 motion, because "28 USC 2255 is not a valid statute, and can therefore not be used to obtain relief." Contrary to Heijnen's assertion, however, Congress properly enacted the statute. *See, e.g., Hill v. United States*, 368 U.S. 424, 427 (1962) (noting congressional enactment of § 2255).

Furthermore, the expiration of the limitation period does not render the statute inadequate or ineffective as to Heijnen's claims. "[T]hat section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective, it merely means that [Heijnen] did not pursue them in a timely manner." *Braun v. Gallegos*, 58 Fed. Appx. 781, 783 (10th Cir. 2002)(citing *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000)). The Court will overrule Heijnen's objection to the recharacterization of his petition as a § 2255 motion.

Second, Heijnen filed his motion after the limitation period expired, and his Response (CIV Doc. 3) provides no grounds for equitable tolling of the one-year limitation period for a § 2255 motion. "Equitable tolling 'is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Glenn*, 61 Fed. Appx. 571, 572 (10th Cir. 2003)(quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Heijnen appears to concede that he filed the motion more than one year after the Supreme Court denied his petition for writ of certiorari. *See Heijnen v. United States*, No. 07-7173, 552 U.S. 105 (Nov. 26, 2007)(mem.). He vaguely identifies several alleged obstacles, with a combined duration of approximately four months, that prevented him from filing on time. He also cites to a recent Tenth Circuit decision that discusses the rule allowing

equitable tolling where a defendant diligently pursues post-judgment remedies. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

In *United States v. Gabaldon*, the United States Court of Appeals for the Tenth Circuit reversed the district court's denial of equitable tolling, noting that "[i]t appears that Mr. Gabaldon would have met the one-year deadline had prison officials not seized his materials." 522 F.3d at 1126. Here, by contrast, Heijnen makes no allegation of his own diligent efforts to file his motion timely. Nor does he make any showing that officials hindered his ability to file within the one-year period. Heijnen's references to lockdowns, and being "detained" or transferred, do not refute the clear inference that he failed to diligently pursue his post-conviction remedies. The allegations in Heijnen's Response do not justify equitable tolling of the limitation period applicable to his § 2255 motion. Heijnen is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his § 2255 motion.

**IT IS THEREFORE ORDERED** that Defendant Antonius Heijnen's Petition For Writ Of Error Coram Nobis, filed April 2, 2009 (CIV Doc. 1; CR Doc. 223), recharacterized and construed herein as a Motion To Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, is denied with prejudice as untimely filed. Judgment will be entered.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE