## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANTONIUS HEIJNEN,

    Petitioner,

v.                                                                                      No. CIV 11-0447 JB/LFG
                                                                                              CR 03-2072 JB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court *sua sponte* on Petitioner Antonius Heijnen's Petition For Writ Pursuant To 28 USC 1651 For Either Writ Of Error Coram Nobis Or, Alternatively Writ Of Audita Querela, filed on May 24, 2011 (CIV Doc. 1; CR Doc. 235). Heijnen raises a number of claims against his conviction in the criminal proceeding and reasserts his innocence. For relief, he seeks "reversal of conviction, expungement of record, and settlement for fraud by Government."

    As noted in an earlier order, see Memorandum Opinion and Order, filed April 8, 2009 (CR Doc. 224), this Court entered judgment on Heijnen's conviction in this criminal proceeding on March 8, 2006. The United States Court of Appeals for the Tenth Circuit affirmed the conviction on February 2, 2007. See United States v. Heijnen, 215 F. App'x 725, 727 (10th Cir. 2007). On November 26, 2007, the Supreme Court of the United States denied Heijnen's petition for writ of certiorari, see United States v. Heijnen, 552 U.S. 1051 (2007)(mem.), and on March 24, 2008, denied his petition for rehearing, see United States v. Heijnen, 552 U.S. 1292 (2008)(mem.). Furthermore, Heijnen previously filed a petition for writ of error coram nobis in this Court, see

Motion to Vacate under 28 U.S.C. § 2255, filed April 2, 2009 (CR Doc. 223), attacking the same conviction. The Court recharacterized that petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and dismissed the motion as untimely. See Memorandum Opinion and Order, filed April 28, 2010 (CR Doc. 229).

The terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, see Baker v. Sheriff of Santa Fe County, 477 F.2d 118, 119 (10th Cir. 1973); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) ("[Section 2255] supplants habeas corpus"), and Heijnen's pro se characterization of his claims is not dispositive, see Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 436-37 (10th Cir. 1992). Section 2255 expressly contemplates Heijnen's claims: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255. A defendant may seek a writ of habeas corpus if § 2255 is "inadequate or ineffective," Williams v. United States, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody, see United States v. Hernandez, 94 F.3d 606, 613 n.5 (10th Cir. 1996). However, "the fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective." Braun v. Gallegos, No. 02-1292, 2002 WL 31895074, at *1 (10th Cir. Dec. 31, 2002). See Graham v. Wands, No. 10-1412, 2011 WL 44708, at *1 (10th Cir. Jan 7, 2011)("Neither our rejection of [a] claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective."). Heijnen may thus prosecute his claims only under the terms of § 2255.

The Court may recharacterize Heijnen's petition as a § 2255 motion under certain conditions. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998), quoted with approval in United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000). Here, however, because Heijnen has

previously filed a § 2255 motion, and because the § 2255 limitation period has expired, the Court will not recharacterize this petition as a motion under § 2255.  The Court is not required to recast a pleading as a § 2255 motion where relief "would, at least facially, 'be barred as untimely . . . or as second or successive [under 28 U.S.C. § 2255].'"  United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005) (brackets in original).  See United States v. Lowe, 6 F. App'x 832, 836 (10th Cir. 2001)(finding no error in district court's decision not to recharacterize a pleading as a § 2255 motion).  And, as the Tenth Circuit has stated, "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."  United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  Cf. Thornbrugh v. United States, No. 10-5164, 2011 WL 2066564, at *2 (10th Cir. May 26, 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [Thornbrugh's] [successive § 2255] motion.'"  Under the rulings in United States v. Nelson and Thornbrugh v. United States, the Court will dismiss Heijnen's petition.

      **IT IS ORDERED** that Petitioner Heijnen's Petition For Writ Pursuant To 28 USC 1651 For Either Writ Of Error Coram Nobis Or, Alternatively Writ Of Audita Querela, filed on May 24, 2011 (CV Doc. 1; CR Doc. 235), is dismissed for lack of jurisdiction; and judgment will be entered.

                                                             _____
                                                              UNITED STATES DISTRICT JUDGE

*Parties:*

Antonius Heijnen
Eden, Texas

      *Plaintiff pro se*